## Donato Petition

Before Sculco, Weiss and Keim, JJ.

*Lightcap & McDonald, Lawrence E. Moore, Jr.*, and *Ned J. Naklas*, for petitioners.

*Edgar T. Hammer*, contra.

SCULCO, J., April 17, 1961.—Petitioners, Charles Donato and Genevieve Donato, his wife, in 1956 requested the appointment of a board of viewers to ascertain the damages to their land as a result of the construction of a water line through their land by respondent, Ligonier Township Municipal Authority.

A board of viewers was duly appointed and awarded damages in favor of petitioners and against respondent in the amount of $1,750. The viewers' report was filed January 27, 1958. On February 20, 1958, respondent, Ligonier Township Municipal Authority, filed an appeal. On January 5, 1961, petitioners filed a petition for a rule to show cause why the said appeal should not be stricken. Answer to said petition was filed by respondent on January 20, 1961.

It is the contention of petitioners that the appeal, which was filed by respondent on February 20, 1958, was not in proper form. They give as the basis for their contention that respondent should have complied

with the requisites set forth in the Act of April 2, 1903, P. L. 124, sec. 2, 53 PS §1091. This act sets forth the requisites for an appeal under the General Municipal Law, and one of the requisites under that act for an appeal is that the grounds for the appeal must be stated.

The respondent contends that the Act of May 1, 1933, P. L. 103, art. X, sec. 1015, as amended by the Act of July 10, 1947, P. L. 1481, sec. 1015, controls. This act states as follows:

"In all cases of damages assessed against any township for land or property taken, injured or destroyed by the construction or enlargement of its works, roads, or improvements, whether such assessment shall have been made by viewers, or otherwise than upon trial in court, an appeal may be taken by either party to the court of common pleas of the county within thirty days from the filing of the report.

"Any such appeal taken shall be signed by the party taking the same or by his agent or attorney, and shall be accompanied by an affidavit of such party, or of his agent or attorney, that the same is not for the purpose of delay, but because the affiant firmly believes that injustice has been done."

This act is similar to the Act of April 2, 1903, except no provision is made in regard to stating the grounds for the appeal. The Act of July 10, 1947, supra, is set forth in the Second Class Township Code.

Respondent is a municipal authority created under the Municipal Authority Act by Ligonier Township, a second class township, located in the County of Westmoreland. The fact that respondent has the right to condemn certain property under its power of eminent domain is not disputed by either party.

The appeal filed by respondent conforms to all the requirements set forth under the Act of July 10, 1947,

supra, but does not conform to the Act of April 2, 1903, supra, in that no basis for the appeal is stated, except that an injustice has been done.

Therefore, the sole issue involved is, which of the two acts applies to the present case?

Since respondent, the authority, was created by a second class township to advance the purposes of the said township, it is the opinion of this court that the Act of July 10, 1947, supra, is the act which controls the form of the appeal. This is especially true since it is set forth in the Second Class Township Code, which is a very inclusive codification of the laws in regard to second class townships.

Therefore, it is the opinion of this court that, since respondent has complied with all the requirements of the Act of July 10, 1947, the rule to show cause why the appeal of respondent should not be stricken should be discharged and the case set down for trial.

And now, April 17, 1961, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the petition for a rule be dismissed, that the rule be and the same hereby is discharged, and it is directed that the case be set down for trial.